*Couture v. Pallito*, 714-11-14 Wncv (Teachout, J., July 3, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 714-11-14 Wncv**

**DARREN COUTURE**
    **Plaintiff**

    **v.**

**ANDREW PALLITO, COMMISSIONER,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### All Pending Motions

This has become a confusing case. Mr. Couture filed it to challenge the manner by which his parole was revoked. At this point, there is one remaining claim: that his plea to a parole violation, and waiver of a final revocation hearing, was involuntary. The State seeks summary judgment on that case. Mr. Couture also has filed a motion seeking judgment. These and any other pending motions are denied as moot. Mr. Couture's involuntariness claim will be decided on the evidence as presented at a hearing.

On January 20, 2017, the court issued a ruling denying a discovery request of Mr. Couture's, stating, "The records Mr. Couture seeks are not relevant to the remaining claim in the case, which concerns whether there was a valid waiver of a parole violation hearing." In a February 1, 2017 filing, Mr. Couture describes this as a "major" error. He explains:

> The Court states "whether there was a valid waiver," indicating a single waiver, which plaintiff assumes the Court is implying to the waiver of May 1, 2014.
>
> In Judge Tomasi's ruling page 7 & 8 (6)(7)(8) Judge Tomasi refers to the May 1, 2014 waiver to the final revocation hearing, all in a singular manor [*sic*].
>
> Plaintiff filed a Motion for Reconsideration on March 28, 2014, which was granted in part, where Judge Tomasi states <u>The remaining ISSUES in the case are whether the WAIVERS and the PLEAS were knowingly and voluntarily agreed to by Plaintiff whether due to mental illness or otherwise.</u>
>
> Judge Tomasi changed this remaining issue/claim (singular) to Issues/Claims in the case to the Waivers and Pleas (Plurally) clearing [sic] referring to BOTH the Preliminary and Final parole revocation hearing.

Mr. Couture believes that his due process rights required, after he was picked up on the parole violation, a preliminary hearing addressing both probable cause and bail and a subsequent final

hearing addressing revocation. He knows that he did not personally waive a preliminary probable cause hearing by signing a form to indicate any such waiver, and he has focused his litigation of this case on that issue. This strategy is at odds with how the events of Mr. Couture's revocation unfolded and has muddied the litigation of his involuntariness claim.

The Parole Manual requires a preliminary hearing addressing both probable cause and bail *only* if the final revocation hearing will not be scheduled within a certain time. Mr. Couture was arrested while on parole and his final revocation hearing was scheduled for a few days later on 4/1/14. This is apparent in the documentation Mr. Couture filed with his complaint, which notes that the 4/1/14 hearing originally was scheduled to address revocation; it says nothing about probable cause. No preliminary hearing was necessary and none was scheduled.

However, Mr. Couture's counsel, Emily Tredeau, Esq., then asked to reschedule the revocation hearing and instead address bail only at the 4/1/14 hearing. The Board assented to Mr. Couture's request, and bail (whether he would be held or released pending the final hearing) was the only issue addressed at the 4/1/14 hearing. The Board evidently treated Mr. Couture's request as a waiver on the issue of probable cause. After the hearing, it denied bail. On the bail form, it checked a box to indicate that probable cause had been found, even though the matter hadn't been addressed and, presumably, was treated as waived.

Before the rescheduled revocation hearing, Mr. Couture stipulated to one parole violation in exchange for the withdrawal of two others, and his parole was revoked. He waived the rescheduled hearing.

Mr. Couture seems to think that he should be entitled to a return to parole status because he did not sign a waiver form on the issue of probable cause for purposes of the 4/1/14 hearing even though a hearing on probable cause did not occur at his own request. He credits a short, handwritten reconsideration decision by Judge Tomasi as giving life to this claim. Otherwise, his meaningful claim in this case is that his plea and waiver of the final revocation hearing were involuntary.

To be clear, the order of the underlying events is as follows: (1) Mr. Couture was arrested on a single violation. (2) At the 4/1/14 hearing bail was denied; that was the only issue addressed at Mr. Couture's request. (3) Two additional charges were added the next day. (4) Mr. Couture waived the final hearing, pleading to one alleged violation in exchange for dropping the other two.

In the first round of summary judgment motions, Judge Tomasi ruled that there was no error in not having a probable cause hearing vis-à-vis the second and third charges because, *regardless whether there was any procedural error*, it no longer mattered once he pleaded to one violation and waived his revocation hearing. The same rationale applies to the issue Mr. Couture is trying to raise now (and attribute to Judge Tomasi)—that there was a defect in the waiver of an issue at the preliminary hearing that did occur.

Judge Tomasi also ruled that the Board had no lack of authority to revoke parole, the sufficiency and admissibility of evidence in support of revocation of parole were irrelevant

2

because he "waived," ineffective assistance of counsel is irrelevant, constitutionality of the parole condition goes nowhere, and involuntariness of the waiver—*based on mental illness*—remains the disputed matter that cannot be addressed on summary judgment. The court also ruled that if there is any relief in this case it will be limited to a remand to the Board "to allow it to consider and adjudicate all of the violations originally brought against Plaintiff." That is, relief would be like withdrawing the plea and starting the revocation proceeding over. The court would not reinstate Mr. Couture's parole status.

Mr. Couture then filed a motion for reconsideration. In an entry (5/10/16), the court checked a box for "granted," writing "in part." It then added in handwriting: "The remaining issues in the case are whether the waivers and the pleas were knowingly and voluntarily agreed to by Plaintiff whether due to mental illness or otherwise." The order appears to have been intended to clarify that the voluntariness of the plea and waiver of the final revocation hearing may be attacked based on Mr. Couture's mental illness "or otherwise." Earlier, the court had referred to mental illness alone. Mr. Couture had advocated, however, that he had been induced to plea with false promises. The reconsideration order ensured that Mr. Couture would not be limited as to how he might go about showing that his plea was involuntary. That appears to be it.

Mr. Couture then filed a motion for interlocutory review, which the court said it would treat as yet another motion for reconsideration. It ruled (6/13/16): "In the Court's view, the proper focus of the case is the validity and scope of the purported waiver at issue in the underlying parole board proceeding."

Mr. Couture seizes on Judge Tomasi's use of the plural (waivers and pleas) in the 5/10/16 reconsideration decision to suggest that the court was saying that the remaining issues encompass whether the waiver of probable cause at the 4/1/14 hearing as well as the plea and waiver of the revocation hearing were voluntary. He urges this even though the 4/1/14 hearing did not address probable cause *at his own request*. He does not offer to explain why Judge Tomasi's use of the plural in the 5/10/16 order should have such wide-ranging significance and his use of the singular (waiver) in the 6/13/16 order should have none.

Mr. Couture's "waiver" of probable cause related to the 4/1/14 hearing occurred insofar as his counsel asked to convert a final revocation hearing into a preliminary hearing *addressing bail only*. If there were some actionable defect in how that was done, it stopped mattering when Mr. Couture later pled to one violation and waived the rescheduled revocation hearing altogether.

At this point, the only issue is whether the waiver of the rescheduled revocation hearing—meaning the plea to a single violation and the waiver of the May 2014 hearing—was involuntary (whether due to mental illness, false promises, or any other reason) and should be set aside for a wholly new revocation proceeding on remand.

Mr. Couture's intense focus on the wrong issue appears to have distracted him from the voluntariness issue that matters, and which the State has clearly raised and briefed in its summary judgment motion. On that issue, the State's motion goes largely unopposed by filings as contemplated by Rule 56. However, the record as a whole includes evidence and substantial

allegations to the effect that Mr. Couture may have been experiencing symptoms of mental illness around the time of the plea that potentially could affect the voluntariness of the plea.

Accordingly, in light of the state of the record and Mr. Couture's pro se status, the court prefers to resolve the voluntariness issue on the evidence as presented at a hearing.

ORDER

All pending motions are denied as moot. The issue of the voluntariness of Mr. Couture's plea to a parole violation will be determined on the evidence presented at a hearing in which the court will take evidence and make a decision on the issue of waiver based on the evidence.

The Clerk will schedule a pretrial telephone conference to make plans for the hearing.

Dated at Montpelier, Vermont this 30th day of June 2017.

 

_____
Mary Miles Teachout
Superior Judge